May it please the Court, my name is Meredith Ahern and I'm here on behalf of Husana Cruz. Ms. Cruz was originally indicted with a number of co-defendants for various accounts relating to the distribution of cocaine arising out of a drug conspiracy ring which was apparently transporting drugs from California and Las Vegas to Alaska. Her co-defendant Indalesio Marin was the leader of this organization. He was Ms. Cruz's boyfriend and lived with her in a residence in California. Ms. Cruz consistently maintained her innocence and went to trial. She was convicted on five counts including a conspiracy count and sentenced to 168 months. Based on drug amounts attributed to her in the pre-sentence report which were based upon statements of a government witness and the four kilos of cocaine attributed to her by the actual jury verdict against her. She appealed both the sentence and the conviction. Both were affirmed. Thereafter she filed this section 2255 petition alleging ineffective assistance of counsel on a number of claims and as well as other claims. There were a number of them. Originally a certificate of appealability was issued and a briefing was done. After that this court asked the trial court judge to revisit the certificate and to set out specifically which issues were appealable. That was done and after the fact Judge Singleton found three issues involving ineffective assistance of counsel were subject to the certificate of appealability. The first issue being whether trial counsel failed to investigate or present alibi evidence on Ms. Cruz's behalf. The second issue is whether or not trial counsel failed to advise Ms. Cruz properly of her right to testify at trial. And thirdly whether trial and or appellate counsel failed to offer proof of lesser drug quantity for purposes of relevant conduct at sentencing. My understanding is those are the only three issues before the court at this time and I will address only those issues. All issues of course are subject to the Strickland v. Washington standards. Ms. Cruz's alibi basically was that she was at work at the time that two of the primary acts of conspiracy alleged against her were committed. One of these occurred when a government witness, Rivera, testified that she was present when he strapped two kilos of cocaine onto his person and another when another government witness testified that she was present at a restaurant in the Los Angeles, I believe it was. In the Los Angeles area at the time that the drug conspiracy was discussed with co-conspirators. Ms. Cruz claimed that her work record, she was employed at that time, show that she was at work at those particular times and therefore could not have been present at either of these incidents and therefore had an alibi defense. Ms. Cruz obtained copies of her work efforts and apparently gave them, or her work records, apparently gave them to counsel and asked that counsel present this defense on her behalf. It is Ms. Cruz's position that counsel did not investigate whether or not these records showed Ms. Cruz to be at work. He did not, for example, contact any supervisors or co-workers, anyone of that sort, offer no testimony. At Ms. Cruz's insistence, he entered the work records as an exhibited trial that offered no testimony or explanation for them. They were merely, so to speak, logged in to the record. Do we get an explanation from the lawyer on habeas as to why he didn't pursue that line of defense? I am not certain if we did. I'm the fourth or fifth lawyer down the line and I'm kind of lost track. I do know that the district court said there wasn't going to be much of a defense given that she was at the airport on another day when she was supposedly at work. Apparently there was a videotape of her at the airport is my understanding. I'm not sure exactly. Probably government's counsel can give you a better idea of that. But I do understand that there was some sort of video. But what I'm interested in, the other government counsel may be able to say, what her lawyer at trial had to say about why he acted as he did. I'm not sure. He did file an affidavit in support of the government's opposition to this habeas petition, and that is in the record. I know that he addressed the next issue, which I was quick to address, and that is whether or not he advised her of her right to testify at trial. And in his affidavit he did testify that he so properly advised her. Whether he offered an explanation for how the records were introduced or whether there was some tactical reason for the way it was done or not done, I really don't recall. It wasn't a long affidavit. I didn't see it in the affidavit. And I don't believe there was an evidentiary hearing. But I'm not positive because I wasn't there. But I don't think there was. In any event, it's Ms. Cruz's position that there may have well indeed been reasons why these records shouldn't have been introduced, and those may well have been strategic reasons. They weren't explained to her according to her. And also the fact that they were simply introduced without explanation or testimony to support them cannot be written off as some sort of a strategic decision by her attorney. Her claim that a trial counsel did not advise her of her right to testify, or at least that she did not understand from what he told her that she had an absolute right to testify, whether he thought she should or not, is somewhat linked, I suppose, to this alibi defense because I assume that with this defense that she would be able to cast some doubt on the two major government witnesses' testimony and provide some evidence of her whereabouts at least as to these two crucial meetings comprising part of the conspiracy. Ms. Cruz also filed an affidavit. The affidavits obviously are conflicting. Ms. Cruz is not an English speaker. She's a Spanish speaker. I understand that interpreters were provided to her at all stages. I don't believe that she's making a claim that there was some sort of language problem with her understanding. What the lawyer told her, there may have been a cultural misunderstanding. But in any event, it was her understanding that- What would the record show that she would testify to if she was advised she could testify? Basically as to where she was and that she was at work is one area. Apparently, and I don't know a lot about this, but it's my understanding that she had information regarding the government witnesses, which she thought was detrimental somehow to their testimony and that somehow she might be able to convince the jury that they were less than truthful. But I don't know specifically what she believed. Well, absent that, I mean, I think it is the right to notify, to testify if it's subject to cross-examination. I'm trying to- I can't find it right now, but I'm trying to remember again what the- and habeas what the trial counsel said his answer to that was. I might have it right here, actually. I think I do. The affidavit is right here, and it's in the government's supplemental excerpt of record, and it looks like it's at page 19. It begins and continues for four pages. Paragraph two deals with an issue about a handwriting expert, which was part of her original claim but was not certified for appeal. And then paragraph three has to do with her opportunity to testify. Four is an opening statement, and five has to do with a conflict of interest and all of those issues. I just took a look at it. Were not certified for appeal. So, actually, with regard- except for the one issue, it really doesn't shed much light on it. I want to ask you about the sentencing. Was the trial counsel- did he testify about when he got the pre-sentence report, how much time he had? Did he go over it with the client? I don't recall any testimony. There seems to be a question here about the amount of quantity of drugs. Yes, there is. She was arguing there was only four kilos. Yes, there's no argument about that. There was some other- the government argued there was six or seven, and the judge- apparently the pre-sentence report said there were 60 kilos in the whole conspiracy, and she got charged with the whole- She did. The whole 60, and I was wondering how the lawyer managed to sleep through that. Your Honor, I don't know, but it's my understanding that she appealed the sentence, and on appeal, the appellate lawyer did raise an Apprendi issue at that time. Apprendi had just come out. He didn't believe it applied to her situation. He didn't go into any other constitutional arguments or discuss any prior cases prior to Apprendi dealing with proof beyond a reasonable doubt on drug amount. The argument would not have been an Apprendi argument under the case laws that then existed. The argument would have been because it was going to have the potential for a disproportionate increase in the sentence, the standard of proof had to be higher. That's correct, and he didn't make that argument on appeal. The argument is made in my brief, and I don't believe anyone made that argument, Your Honor, and that was obviously the argument that should have been made. After- And what do we do with the fact that the court on direct appeal has affirmed that sentence? The court appeal found that there was no clear error and affirmed the sentence. They didn't cite any case law, or I don't know if they considered that particular issue. They certainly didn't mention the standard of proof in the rendition. They mentioned nothing. It was a one-paragraph. There was an appeal on the substantive and two sentencing issues. The other was whether or not she had minimal or less participation, and that was affirmed that she was minimal but not the least level of participation. And she always, as far as you hint, the increased sentence was for other charged offenses, right? It wasn't an uncharged offense that she- No, they were, I believe, all charged offenses dealing with various folks that were- A long list of co-defendants, some of which went to trial with her and others pled or had other- So the enhancements were, in our Restrepo case, there were uncharged offenses that were used to enhance, where in this case, if it's extremely disproportionate impact, it was from actual charged offenses. I believe that's the distinction, yes. And the standard review that we would use then would be clear and convincing? Or would it be preponderance? Your Honor, I'm not certain. I suppose I'd like it clear and convincing. I don't- I'm not sure what to say to that. After this court issued its sentencing and confirmed the judgment and the sentence, the appellate counsel then withdrew and took no further action on Ms. Cruz's behalf, although she had requested that he do so. It was her position that the relevant conduct that comprised the 56 kilograms was not actual drug quantities proven at trial, but was quantities that were taken from extrapolating statements of the government witnesses and taking, for example, quantities times number of trips that they estimated that they took and that sort of thing. And Ms. Cruz- There was certainly no jury findings with regard to Ms. Cruz other than the four kilos and also I believe she was convicted of maintaining a residence where illegal activities were used for illegal uses, that sort of thing. Well, the disproportionate issue goes to a strickland and ineffective assistance of counsel. Yes. Is that right? Yes, that's correct. Does that have nothing to do with jury finding at that point? No, not really. No, it's an ineffective assistance of counsel argument and- And you're just saying that because he didn't raise it, he was ineffective, right? Yes, that's correct. And we have to determine what standard we look at when the judge did that? Yes. Okay. At any time since this habeas matter was filed, did the trial court schedule a hearing on the sentencing issue, on the behavior of counsel at the sentencing? I don't believe so, Your Honor. There's never been an evidentiary hearing on what happened at the sentencing? That's my understanding. I don't believe there has been. Mr. Pomeroy can correct me if I'm wrong, but I don't think so. Well, maybe the government will have an explanation of why this wasn't a strickland violation. The only thing I'm aware of were a couple of affidavits that were submitted in briefing, and that was it. At this stage, why don't we hear from the government? You've got quite a bit of time to respond. Thank you. I appreciate that. Thank you. You may have placed the court. My name is Richard Pomeroy. I'm an assistant with the U.S. Attorney's Office here in Alaska. Were you the attorney at trial? At the criminal trial, no. I did handle the habeas petition for the district court. And Ms. Zahern, I think, adequately outlined the somewhat tangled procedural history of the case to the point that we are presently. Let me address first some of the issues that were raised as far as the allegation that trial counsel was ineffective in addressing relevant conduct. The issue, Ms. Cruz was convicted in count two of the case of four kilograms of cocaine. As pointed out in the pre-sentence report, paragraph 17, which is an excerpt of Record 26, the additional amount, 56 kilograms, refers to the amount of cocaine that the conspiracy transported from California to Alaska. This was challenged on appeal.  Yes. Starting at excerpt of Record 60, itemizes the objections to the pre-sentence report that trial counsel raised, objecting to the relevant conduct because the argument was that she should only be held accountable for four kilograms and that the additional amounts were beyond her scope of recognition or realization, so that the assertion that trial counsel did not object to the relevant conduct is factually incorrect. Did counsel, as part of that objection, I think I know the answer, but I want to make sure we're clear, as part of that objection make what I might call a Restrepo or later a Hopper objection, just to say because it may have a disproportionate impact upon the length of the sentence, the standard is clear and convincing rather than preponderance. Was that objection made? I'm not aware of it. The assertion was not made in Ms. Cruz's 2255 petition. It was only raised for the first time here on appeal, so it was not addressed in the briefing before the district court. The only thing in the record is the objection to the pre-sentence report, factual determination of the amount of drugs, right? Correct. And no argument, no other argument about the result of that? The issues were not raised in the petition, so they were not addressed in the briefing. Why is it a failure of counsel to address that question of a Strickland violation? A competent counsel would not sleep through a matter of 54 kilos that's going to be added in computing the sentence. Well, as far as relevant context, no, counsel was not sleeping through this at all. Well, he might have closed because he appears not to have argued the proper standard of proof. The Restrepo, as I mentioned in my brief, the Restrepo argument is that when it's disproportionate level of that the sentence would provide a potentially disproportionate level. And that is discussed at, some of the cases I cite, seven to nine levels of enhancement. In the present case, Ms. Cruz was convicted of, in count two, four kilograms. And also in count three, four, five, an additional seven kilograms. As I explained in the pre-sentence report, the 56 kilograms that we're talking about includes seven kilograms for which Ms. Cruz was charged and found guilty by the jury. I don't understand your argument, though. Keep coming. Okay. If we look at the amount that she was convicted of, which would be a total of 11 kilograms, that would, in the pre-sentence guidelines, yield a level of 32. She, here in the pre-sentence report, recommended a level of 36. That does not fall within the Restrepo sort of guidelines above four. About the same time this case was in the trial court, this court decided the Hopper case, which was a tax case, I think, or something, but it went to the question of the degree of proof on the culpable conduct or the other related conduct. And we held in that case that the court had to find by preponderance of the evidence, by a greater weight of evidence, that the amounts in the pre-sentence report were true and not just take the pre-sentence report at face value. Well, as explained in the appellate court's decision on the direct appeal, the court found that the 56 was based upon Mr. Rivera's testimony. He provided this testimony at trial. Ms. Cruz challenged both his testimony and the cooperating witness' testimony, as well as challenged her sentence as to this relevant conduct. And this court affirmed that sentence. I'm lost here. She's charged with conspiracy. Correct. Conspiracy included the 56 kilos. Correct. And it seems to me our case of Philpott says that then you use in determining the quantity attributable to conspiracy by a preponderance of the evidence. So where is the issue left open? In other words, she isn't charged being enhanced with something that happened to someone else. She's charged with conspiracy, which includes the 56, so she's attributable to those drugs that were found to be part of the conspiracy, right? Correct, Your Honor. Okay. All right. So where am I lost here about the error, if any? There was no error. I mean, that's, you know. I'm talking about the Strickland problem here. Well, there is not a Strickland problem because counsel was not falling below levels. You're saying Restrepo doesn't apply here? Yes, Your Honor. The standard would be preponderance of the evidence rather than a clear convincing that would have been raised for the enhancements at sentencing before the district court. So you're saying then there would be no issue for counsel to raise relative to the 56 kilos. As far as the measure of proof that the district court should consider, whether it be clear and convincing or preponderance. Yes, Your Honor. Now, she was convicted of count two? Yes, Your Honor. And which one was that? That wasn't a conspiracy count, was it? Count one was the conspiracy count. Well, she wasn't convicted of count one, was she? Yes, Your Honor. Count one and two? Yes, she was convicted of ten counts in total. And six to ten were maintaining a place for drug trafficking? Correct, Your Honor. The pre-sentence report grouped all together for consideration. Count two was the count that involved four kilograms of cocaine. Counts three, four, five involved the other counts for which she was convicted that are the other seven kilograms of cocaine. She contested that she wasn't guilty of that. And at sentencing, perhaps there was some confusion, she was still contending that she was not guilty of the counts three, four, five for which she had been found guilty. That's why she was arguing only that she was guilty of the four kilograms. Do we have a copy in the excerpt of record of the indictment? I've got, for example, the PSR count one conspiracy and so on. Yes, Your Honor. Do you have a copy of the indictment here? The indictment starts at excerpt of record of three. Excerpt three. And continues through to page 15. If there are additional questions concerning the relevant conduct, I'd like to address the employment records for a moment. Ms. Cruz has alleged that her counselor failed to live up to the Strickland standard by not making more of the employment records. The fact is that the records were introduced, so any confusion about her allegations that they were not confused is factually incorrect. The transcript excerpt that's provided only addresses that the records were introduced and accepted into evidence. So that would not be an appropriate time for counsel to make argument concerning it. But as appellate counsel, I think, explained to Ms. Cruz in a letter, which I've included in supplemental excerpt of record at page 16, the reason that the employment records do not provide the absolute alibi that she maintains that they are is if we look at supplemental excerpt of record page 64, which is the employment record, it shows her working also on December 10th from 3.25 p.m. to 7.47 p.m. In the pre-sentence report, it explains that at that time, in the excerpt of record would be page 46, that at 4 p.m. she was at the Burbank airport with her boyfriend, Mr. Juan Valdez, and Jalencio Martin, whatever. He's got several aliases. And that was the count where she drove then from the Burbank airport to the North Hollywood airport, helped Mr. Rivera and Mr. Marin tape or conceal four kilograms of cocaine on the body of the cooperating witness and then take him back to the Burbank airport. And this was that portion that was caught on videotape as mentioned. Are there other dates as to which she's accused of conduct at the airport or elsewhere where her would-be alibi, I was at work, would be relevant? I understand the December 10th. Yes, September 26th and December 8th.  Again, she was, I forget exactly what. I think one was that she was also transporting one of the drug couriers to the airport. Another, I believe, was some meeting with drug courier. So I understand the argument. It is not that the evidence that she was at work on the 10th should have been introduced, but the evidence on those other two dates that she was at work should have been introduced. What do we know about the trial strategy of her attorney as to those two? Well, the employment records were introduced. I understand that. Ms. Cruz's argument is that they should have been. There's a dissipative argument based on that. Yes. And the failure to establish a prejudice prong under Strickland is that the videotaping of her outside of work at the times when she was allegedly at work demonstrates that she obviously could come and go from work. You just said times. You mean time, December 10th? December 10th, yes. So that does not provide sort of like conclusive evidence that she was somewhere else at the times.  Correct, Your Honor. But we're sort of making that up. That's to say we don't have anything from her trial that says this. I'm not aware whether there was something made. I'm not aware if there's anything more in the trial record, Your Honor. And in the record in front of us? In the record before us. And I've looked for it and I can't find it. That there was something argued at September 26th or December 8th. I think I know the answer, but I just want to make sure we're on the same page with this one. The best argument she has with respect to the work records is as follows, as I understand it. She claims an alibi as to December 8th and as to September 26th. She didn't do it and her evidentiary support for the alibi, as she views it, is I was at work. She contends that her attorney, while the records of work attendance were introduced, really made nothing of the defense and the jury never really heard that defense. And I'm asking, I think I know the answer, but I'm asking is there anything in the record that we have that it gives us the attorney's explanation as to why he did not make more of the I was at work defense with respect to December 8th and September 26th? I think the answer is there's nothing in the record during that attorney's explanation. That's correct, Your Honor. When I asked the trial counsel for affidavit, I felt that it was adequately addressed in other parts. I didn't ask them to address that specifically. And as has been pointed out before, there was no evidentiary. The court did not feel the need for an evidentiary hearing in this matter. The district court on habeas did not. Yes, correct. The final matter that's raised is counseling Ms. Cruz as to her right to testify. And that was an issue that trial counsel's affidavit was introduced into the record at the district court level. And there's no finding that the magistrate was erroneous in finding that trial counsel's testimony was more credible than Ms. Cruz's. And I see I'm sort of running up out of time. Are there additional questions that I'd rather use the remaining time to address questions that the court may have? I think not. Well, I would ask that the district court properly considered, analyzed, assessed, and denied Ms. Cruz's petition. And I'd ask this court to affirm that decision. Thank you very much. I just have a couple of quick comments, if I may. The first of which is that in the pre-sentence report, we know that the 4 kilograms that the jury found were added into her offense level plus another 7, which was included in the additional 56. According to the language of the probation officer who calculated the additional to make up the 56, the remainder, quote, was calculated from information given at an interview of case investigators of the confidential informant. So he wasn't basing that calculation on any kind of trial testimony. He was basing it on reports he had from case investigators who had investigated this case. Just to make sure I understand, she was convicted of conspiracy in her testimony. But she was convicted of conspiracy. And I guess you read the indictment. Yes. And the issue then is how much cocaine was transported pursuant to that conspiracy. Yes, and that testimony was, or was not testimony, but was rather taken from an investigative report, which was done from. So the additional, on your view of it at least, the additional 56 does not come from trial evidence, but rather from the front of DSR. Well, the additional, I guess the 56 minus 7, 49, would be the additional 49. So your opposing counsel is right in terms of we're not talking an additional 56. No, we're talking 49. We're bumping it up from 11 to 60. Yes, I believe that. And how much would the sentence increase be from 11 to 60? How many levels would that kick up, and how much longer would the sentence be? Four levels. I'm not sure. Do you have? Four levels. Yeah, I don't have mine. Four levels, and then how much longer would the sentence be? Unless Mr. Palmer knows, I don't have that with that. Well, I think we need to know that in order to know whether the restructural analysis even applies. I'm not sure if I have that. I'm not sure if it's in here or not, but certainly. Because as I recall, the restructural analysis, it requires to be triggering this higher standard of proof. Right. The additional sentence must be extremely disproportionate. Also, restructural was uncharged text. As I take it, you're talking quantities from the pre-sentence report, but it's included within the conspiracy, so it might be slightly different than restructural. Yes, it's a different. I don't see the, only the four level, I don't see the actual sentence. And you've not done that calculation? I have not. Or if I did it, I don't have it with me. I don't recall. Even though that calculation is necessary for us to determine whether or not we've satisfied that disproportionate? Yes, I believe the calculation needs to be made. Has it anywhere been argued anywhere that we can find? In other words, are we going to have to go back and calculate this, or have you argued it, or anybody ever argued this before? I don't believe so. And is it correct that this argument was not made to the district court on the 2255? I heard that. Is that correct? Well, it was, I'm not certain. The argument was made that the ineffective assistance of counsel argument was made on the section 2255. But was ineffective assistance of counsel with respect to standard of proof under Restrepo made at trial? I don't believe so. No, it was not. So we're hearing that argument for the very first time now. Yes. We're arguing that counsel should have made it, but no, it was not made is my understanding. And you're also arguing that the trial counsel at Habeas should have made it, too. Yes. And I don't think that was done, either. There was no evidentiary hearing, so there's not much of a record of it. Well, you'll have a record of what the arguments were made. Yes. And that argument was not made? No, it was not. Okay. Thank you. Thank you. The case of United States v. Cruz is now submitted for decision. We have one remaining case on the argument calendar this morning, and that is Rockwell v. Swenson.
judges: Goodwin, Brunetti, W. Fletcher